**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**GOULD, INC., Respondent.**

No. 76–1839.

United States Court of Appeals, Sixth Circuit.

Jan. 13, 1978.

**138**

Elliott Moore, Deputy Associate General Counsel, National Labor Relations Board, Washington, D. C., Walter C. Phillips, Director, Region 10, N. L. R. B., Atlanta, Ga., for petitioner.

W. Kerby Bowling, Gordon E. Jackson, Yelverton Cowherd, Bowling, Brackhan & Jackson, Memphis, Tenn., for respondent.

### ORDER

Before CELEBREZZE and MERRITT, Circuit Judges and CECIL, Senior Circuit Judge.

Petitioner, National Labor Relations Board (NLRB), seeks enforcement of its order finding Respondent, Gould, Inc. (Gould), to have committed unfair labor practices and Respondent cross-petitions for review and to have the order set aside. The NLRB found Gould to have violated § 8(a)(1) of the National Labor Relations Act by writing a letter to the Tennessee Department of Employment Security (TDES) requesting TDES to check the earnings records of certain Gould employees who had been laid off. The NLRB found Gould to have violated § 8(a)(3) and (1) of the Act by refusing to recall from layoff seven employees allegedly because of their union activities and support.

■ This Court is of the opinion that Gould did not violate § 8(a)(1) of the Act by writing the letter in question to TDES. The letter had the legitimate business purpose of preventing unnecessary depletion of Gould's unemployment fund with the State. There is not substantial evidence in the record taken as a whole to support the NLRB's finding that the letter constituted a violation of § 8(a)(1).

■ This Court is further of the opinion that the refusal to recall from layoff the seven employees in question did not constitute a violation of § 8(a)(3) and (1) of the Act. There is not substantial evidence in the record taken as a whole that these refusals to recall were based upon these employees' union activities and support.

The petition of the NLRB for enforcement is denied. The cross-petition for review and to set aside the NLRB order is granted.

It is so ordered.